[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR MODIFICATION AND BOTH PARTIES' MOTIONS FOR CONTEMPT
The defendant has moved that the plaintiff be found in contempt for failure to pay him the full sum of $75,000.00 as ordered in the judgment of dissolution in March, 1990. The plaintiff has moved to modify the judgment to extend the term of her payments to the defendant and to find the defendant in contempt for failure to pay alimony in the amount of $275.00 per month.
Pursuant to the terms of the judgment, the defendant conveyed his interest in the family home to the plaintiff. In return, the plaintiff was ordered to pay the defendant $75,000.00 payable $5,000.00 by June 1, 1990, $20,000.00 by September 15, 1990 and $50,000.00 by June 1, 1991. At the time of the judgment, the plaintiff owned rental properties at 302 Stillman Street and 142 Dover Street in Bridgeport and a 50 per cent interest in 610 Island Way in Clearwater, Florida. It was ordered, if the plaintiff sold any of these properties, one half of the net proceeds would go to satisfy this obligation. At the time of the judgment, the plaintiff owned other real properties both alone and jointly. The plaintiff was ordered to convey her interest in real property in Dennisport, Massachusetts to the defendant, and the defendant was ordered to pay $275.00 per month as alimony until the plaintiff's remarriage or the death of either party. The alimony was ordered to be nonmodifiable as to amount.
The plaintiff paid the $5,000.00 due on June 1, 1990. She did not, however, pay the $20,000.00 due September 15, 1990 but moved for modification of the judgment to extend payment. The parties appeared before Hauser, J. on September 27, 1990, and at that time, the plaintiff was to report back on October 1990 to show what efforts she had made to sell the properties. There is no further notation in the file at that time although a transcript of the proceedings heard on October 18, 1990 has been furnished by the defendant. Judge Hauser did not find the plaintiff in contempt, did not order modification, but ordered that interest was to run on the amount owed at the statutory rate of ten (10%) per cent per annum commencing November 1, 1990. CT Page 6478
The plaintiff has paid a total of $26,000.00 to the defendant. The parties by themselves agreed that the defendant should no longer pay alimony to the plaintiff and that the alimony might be set off against the amounts owed. The defendant has paid no alimony since July 1, 1991 so that as of June 1, 1993, a period of 23 months, the alimony arrearage amounts to $6,325.00. This leaves a balance owed by the plaintiff to the defendant in the amount of $42,675.00.
Since March, 1990, the plaintiff has conveyed her interest in the family home to her children subject to the existing mortgage which she pays. She conveyed her interest in Whittier Street, Dover Street and one half of her one half interest in Island way to her children. (Dover Street and Island Way were two of the properties which, if sold, one half of the proceeds thereof were to go to the defendant). She has also conveyed her half interest in Gulf Boulevard, Clearwater, Florida to a daughter.
The plaintiff's financial situation is poor. Her real estate interests in Wood Avenue and Laurel Court are shown in her financial affidavit having a negative worth. She is a real property manager (the same occupation she had in 1990) and self-employed. She reports weekly income of $230.00 and weekly rental income from Whittier Street and Dover Street (the property she conveyed to her children) of $92.00 per week.
The defendant's financial situation is also poor. He is self-employed as a graphic designer and shows net weekly income of $200.00 per week on his financial affidavit. He owns the real property in Dennisport, Massachusetts with a net equity of $45,000.00, a 1988 Honda Accord valued at $4,000.00 and $760.00 in savings and checking accounts for total assets of $49,760.00 and liabilities of $28,500.00 for a net worth of $21,260.00.
The court finds that the plaintiff has, by her conveyance of her real property interests to her children, effectively denied the defendant of the sums of money to which he was entitled. Her conveyances to her children were, in effect, in fraud of the defendant's interest as a creditor. Nevertheless, there has been insufficient proof for the court to find that she has wilfully and intentionally failed to honor the court's orders, so that the court cannot find she is in CT Page 6479 contempt.
In addition to the principal sum due to the defendant, the defendant is entitled to interest as ordered by Judge Hauser. For the period June 1, 1991 to June 1, 1992 interest amounts to $4,298.00 as calculated by the parties. Interest for the period June 1, 1992 to June 1, 1993 the court calculates at $4,088.00. Interest on the $20,000.00 due September 15 for the period November 1, 1990 to December 1, 1990 amounts to $167.00 and on $15,000.00 from December 1, 1990 to June 1, 1991 amounts to $750.00 for a total of $917.00. The amount due, therefore, to June 1, 1993 is $42,675.00 and interest of $9,303.00 for a total of $51,978.00.
The court denies the defendant's motion for contempt.
As to the plaintiff's motion for contempt, the court finds that the parties themselves made an agreement that the defendant would no longer pay alimony to the plaintiff and credit this sum against the amounts owned. The court finds an average of $6,325.00. However, this sum has been credited in determining the arrearage noted above. The plaintiff's motion for contempt is, therefore, likewise denied.
As to the plaintiff's motion for modification, the court treats that motion as one extending the time for payment of the remaining balance due. The court grants that motion and allows the plaintiff until June 1, 1994 to pay the remaining balance and interest thereon. The court orders further that the plaintiff shall pay all of the net proceeds from the sale of any of her properties prior to June 1, 1994 to the defendant up to the total amount of principal and interest due to the defendant. The plaintiff must take those steps necessary to recover sufficient property interests previously conveyed to her daughters to place herself into a position to satisfy her obligations to the defendant before June 1, 1994.
The defendant shall resume alimony payments to the plaintiff pursuant to the original orders of this court commencing July 1, 1993 and no longer set off said payments against the balance of the judgment owed to him or the interest thereon.
The court may have miscomputed the balance of the indebtedness and the interest thereon. If such be the case, the CT Page 6480 parties must bring this to the court's attention by appropriate motion filed within twenty (20) days of the receipt of this memorandum of decision. Failure of the parties to file such motion or motions shall result in these figures being the proper figures to May 31, 1993.
Orders shall enter in accordance with the foregoing.
EDGAR W. BASSICK, III, JUDGE